FILED
SUPERIOR COURT
OF GUAM

2019 DEC 31 PM 2: 21

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM, | CRIMINAL CASE NO. CF0328-19 |
| vs. | |
| **ROKE MENDIOLA QUINTANILLA, JR.,** DOB: 10/07/1979 | **DECISION AND ORDER** |
| Defendant. | |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on September 26, 2019, upon the Defendant's Brief in Opposition to Forfeiture of Bail Posted by Roke San Nicolas Quintanilla filed August 19, 2019. Defendant Roke Mendiola Quintanilla ("Defendant") is represented by Attorney Curtis C. Van de veld. Assistant Attorney General Christine S. Tenorio represented the People of Guam ("the People"). Having reviewed the pleadings and having heard oral arguments in this matter, the Court issues the following Decision and Order.

## BACKGROUND

On June 20, 2019, a grand jury returned an indictment and charged the Defendant with: 1) Four Counts of Burglary (as a Second Degree Felony); 2) Four Counts of Theft (as a Second Degree Felony); 3) Assault on a Peace Officer (as a Third Degree Felony); 4) Five Counts of Criminal Mischief (as a Misdemeanor); 5) Eluding a Police Officer (as a Misdemeanor); 6) Criminal Trespass (as a Misdemeanor); and 7) Theft (as a Petty Misdemeanor). See Indictment (June 20, 2019). According to the Declaration attached to the Magistrate Complaint, the charges

against the Defendant are based on a series of burglaries alleged to have been conducted by the Defendant, some of which the Defendant has admitted to, and one of which resulted in a "high speed chase" with the Guam Police Department. See Magistrate Complaint (June 10, 2019).

At the Magistrate's Hearing on June 10, 2019, Magistrate Judge Jonathan R. Quan committed the Defendant to the Department of Corrections and set bail in the amount of Ten Thousand Dollars ($10,000.00) cash. See Commitment Order (June 10, 2019). On June 11, 2019, Defendant posted the $10,000.00 cash bail and was brought before this Court for a bail hearing. Upon the Defendant's pretrial release from custody, the Court imposed certain conditions including, *inter alia*, house arrest and release to Third Party Custodians ("TPC"). See Order of Conditional Release and Appearance Bond (June 13, 2019). Both the Defendant and TPCs signed the release order, agreed to comply, and initialed next to all conditions the Defendant was required to comply with. Id.

On July 27, 2019, Probation Office Anthony L. Morcilla ("P.O. Morcilla") filed a First Violation Report indicating that the Defendant violated the Court's order of house arrest. See 1st Violation Report (July 27, 2019). Subsequently, the Court issued a Warrant of Arrest and the Defendant was arrested and detained that same day. On July 2, 2019, at the hearing on the Return of Warrant, the Court forfeited the $10,000.00 cash bail and revoked the Defendant's pretrial release and conditions. The Court committed the Defendant and set bail again in the amount of Ten Thousand Dollars ($10,000.00) cash. See Commitment Order (June 27, 2019)[1]. Thereafter, on July 9, 2019, the Court filed a Notice of Citation Declaring Forfeiture and Judgment Nisi After Bond Forfeiture ("Judgment Nisi").

On August 19, 2019, the Defendant filed the instant motion, opposing the forfeiture of bail posted by the Defendant's father, Roke San Nicolas Quintanilla. Specifically, the Defendant moves the Court to rescind the Judgment Nisi because the forfeiture of bail is based upon a violation of a release condition and not for the Defendant's failure to appear. The People did not

---

[1] On October 21, 2019, the Defendant filed an *Ex Parte* Application for Modification of Conditions of Release, requesting that the Court release the Defendant on house arrest and placed in the electronic monitoring program. On November 15, 2019, the Court **denied** the Defendant's *Ex Parte* Application for Modification of Conditions of Release.

file an Opposition. On September 26, 2019, the Court heard arguments on the instant motion and subsequently took the matter under advisement.

## DISCUSSION

Pretrial release and bail forfeitures are governed by statute. See Title 8 GCA § 40.10 *et seq*. The Court possesses the authority to impose certain conditions reasonably likely to assure a defendant's appearance during criminal proceedings as required, or the safety of other persons and the community at large. Id. at § 40.20. Those conditions include, but are not limited to, "execution of a bond in an amount specified by the judge; such bond in the discretion of the judge to be either unsecured or secured in whole or in part by the deposit of cash or other property, or by the obligation of qualified sureties." Id. at § 40.20(c). If a defendant violates any of the conditions of his or her release, the Court may issue a warrant of arrest or revoke release. Id. at §§ 40.65, 40.70, 40.75(b). Additionally, if a Defendant on pretrial release "fails to appear, without sufficient excuse, before any court or judge as required . . . any security which was given or pledged for his release shall immediately be declared forfeited." Id. at § 40.90(b). Thus, the Defendant is correct that the Court may forfeit bail when a declaration of forfeiture has been made when the Defendant fails to appear. However, within the same statutory scheme, Guam's release statute provides, "[w]hen a person is brought before the court [upon violation of conditions or failure to appear] . . . the court finds that a person released pursuant to this Chapter has willfully violated the conditions imposed on his release . . . the court may order the imposition of such conditions as are reasonably necessary to assure the person's appearance as required and his *compliance with any conditions imposed* pursuant to this Chapter." Id. at § 40.75(a) (parenthesis omitted). Accordingly, when read together, the Court is within its authority to enforce compliance of release conditions, including the forfeiture of bail for both the failure to appear and violations of such conditions[2].

---

[2] See Sumitomo Constr. Co., v. Gov't of Guam, 2001 Guam 23 ¶ 17 (Courts must look first to the plain meaning of the statute and absent clear legislative intent to the contrary, the plain meaning prevails. In determining legislative intent, a statute should be read as a whole, and therefore, courts should construe each section in conjunction with other sections).

Further, the California Supreme Court has also opined that the purpose of bail and its forfeiture is to insure the attendance of the accused and ***obedience to the orders and judgment of the Court***. People v. Safety Nat'l Cas. Corp., 62 Cal. 4th 703, 709, 366 P.3d 57, 59 (2016) (quoting People v. Wilcox, 53 Cal.2d 651, 656-657 (1960)) (emphasis added)[3]. As the California Supreme Court explains, the bail bond itself is characterized as a contract between the government and the surety. Id. Thus, "the contractual nature of the relationship between the government and the surety leads to the conclusion that the bail order is the offer, and the posing of a bond is the acceptance of that offer". See People v. Fin. Cas. & Sur., Inc., 39 Cal. App. 5th 1213, 1225 (Ct. App. 2019); see also People v. Int'l Fid. Ins. Co., 11 Cal. App. 5th 456, 461 (Ct. App. 2017) ("courts must consider the bonding language").

Here, by signing the Order of Conditional Release and Appearance, both the Defendant and the TPCs acknowledged and agreed that the Ten Thousand Dollar ($10,000.00) cash bond would be forfeited if the Defendant failed to make any court appearances **or** violated any of the terms of his release. See Order of Conditional Release and Appearance Bond (June 13, 2019). Notwithstanding the Court's order and the potential sanction of forfeiture, the Defendant nonetheless violated his house arrest condition and leaving the custody of his TPCs. See 1st Violation Report (July 27, 2019). By violating his pretrial release conditions, the Defendant potentially compromised the safety of the community. Moreover, the issuance and enforcement of the bench warrant resulted in what was otherwise an unnecessary expenditure of judicial resources. Accordingly, pursuant to the Order of Conditional Release and Appearance Bond, and the mandates of Title 8 GCA § 40.10 *et seq.*, the Court was well within its authority to forfeit the security posted for the Defendant's pretrial release.

Finally, the Court highlights the importance of release conditions, that is, to ensure the safety of the community and to secure presence of the accused in court. 8 GCA § 40.20. The

---

[3] Guam's bail forfeiture statute is based on California Penal Code § 1305. See Cal. Penal Code § 1305(a) (when a person for whom a bail bond has been posted fails without sufficient excuse to appear as required, the trial court must declare a forfeiture of the bond). Thus, California case law is instructive, absent a compelling reason to deviate. See People v. Tedtaotao, 2014 Guam 33 (Guam's Code of Criminal Procedure is derived from the California Penal Code). See also People v. Hall, 2004 Guam 12 ¶ 18 (finding California case law interpreting a California statute from which a Guam statute was derived is persuasive authority).

provisions and sanctions contained in the Order of Conditional Release and Appearance, as well as the mandates of 8 GCA § 40.10 *et seq.*, reinforce compliance with such conditions. Without sanctions, release orders have no force. Thus, through both its statutory and inherent authorities, the Court is mandated to enforce compliance with release conditions.

Accordingly, the Court finds that the forfeiture of the Defendant's Ten Thousand Dollar ($10,000.00) cash bond for the violation of his release conditions is appropriate. Thus, the Defendant's Motion is **DENIED**.

## CONCLUSION

For the reasons set forth above, the Defendant's Brief in Opposition to Forfeiture of Bail Posted by Roke San Nicolas Quintanilla is **DENIED**. The Court finds that the forfeiture of the Defendant's Ten Thousand Dollar ($10,000.00) cash bond for the violation of his release conditions is appropriate

**IT IS SO ORDERED** _____DEC 3 1 2019_____.

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**

**SERVICE VIA COURT BOX**

I acknowledge that a copy of the original hereto was placed in the court box of:

_____

Date_____ Time_____

Deputy Clerk, Superior Court of Guam